CALE ET AL. *v.* AMERICAN NATIONAL BANK ET AL.

[Cite as Cale v. American National Bank (1973), 37 Ohio Misc. 56.]

(No. 901,760—Decided November 29, 1973.)

Common Pleas Court of Cuyahoga County.

Mr. Sheldon M. Gisser, Mr. Daniel C. Turoff and Mr. Mark Schlachet, for plaintiffs.

Mr. John J. Sibisan, Mr. Robert B. Waltman, Mr. Jonathan S. Rocker, Mr. John H. McCombs, Mr. Robert J. Marquard, Mr. Takashi Ito, Mr. Sherman D. Cahn, Mr. Richard E. Kleinman, Mr. Karl D. Kammer, Mr. Richard A. Rosner, Mr. Robert J. Hoerner, Mr. Michael A. Nims, Mr. Harold Gregg, Mr. S. Stuart Eilers, Mr. Lawrence R. Fishman, Mr. Robert M. Krewson, Mr. McConnell A. Coakwell, Mr. Neath W. Wilson, Mr. Thomas A. Quintrell, Mr. Walter A. Bates, Mr. Arthur F. Zalud, Mr. Charles F. Ipavec, Mr. Wilson A. Leece, Mr. George E. Fedor, Mr. Norman B. Miller, Mr. Warren E. Fleischner, Mr. Charles J. Nougor, Mr. Gerald Goldberg, Mr. Robert P. Kavulla, Mr. Harold A. Phelan, Mr. L. J. Linek, Mr. Oliver A. Thompson, Mr. Charles V. Carr, Mr. William T. Boukalek, Mr. James J. Conway, Mr. Richard O. Bancroft, Mr. Fred J. Ball, Mr. Alan P. Buchmann, Mr. William T. Boukalik, Mr. John P. Coyne, Mr. R. Dugald Pearson, Mr. Howard Turner, Mr. William T. Boukalik, Mr. Robert F. Longano, Mr. S. Stuart Eilers, Mr. A. R. Mays, Mr. Jerome N. Curtis, Mr. Murray K. Lenson, Mr. Harvey O. Mierke, Jr., Mr. Walter Bates and Mr. Cornelius J. Krawcznski, for defendants.

BARRAGATE, J.   This is an alleged class action predicated upon a mortgage loan agreement wherein twelve named plaintiffs, consisting of six couples, seek to recover for themselves and their class, from forty-five named defendant banks and savings and loan associations, interest and profits allegedly earned and due them upon installment deposits made with the defendants for payment of plaintiffs' real estate taxes, together with a full accounting covering a period of fifteen years and a permanent injunction enjoining the defendants from depriving the plaintiffs and their class of the profits and interests earned on plaintiffs' real estate tax deposits and to require the defendants to account for such profits and interest to the plaintiffs and their class in the future, it being the further contention of the plaintiffs that the defendants have and will continue

to thereby unjustly enrich themselves at the expense of the plaintiffs and their class by the use and investment of plaintiffs' real estate tax deposits.

Said cause came on to be heard upon the separate motions of the defendants to dismiss the plaintiffs' cause of action for (1) lack of standing and (2) for failure to state a claim upon which relief can be granted under and pursuant to Ohio Civil Rule 12 (b)(6) and the oral arguments of counsel.

## I. *STANDING*

The defendants' motion challenges the plaintiffs' standing. Thus, the question presented is whether the plaintiffs have standing in their own right and are the proper persons to request a class adjudication of the issue and not whether the issue itself is justiciable. *Flast* v. *Cohen* (1968), 392 U. S. 83. Of necessity, the answer must be in the plaintiffs' amended complaint.

In order to have standing, the plaintiffs must be eligible to sue in their own individual right, for what they may not achieve for themselves they cannot accomplish as representatives of a class. In the amended complaint the plaintiffs limit their contractual relation and participation to the six (6) defendants named in paragraph 4 of their amended complaint. Plaintiffs' amended complaint is, however, completely silent as to any contractual relation or other participation with any of the other remaining defendants. In the absence of any such contractual relation or other participation, there is no duty owed the plaintiffs by these remaining defendants and no injury can be manifested in the absence of other participation with them as a result of which plaintiffs could individually predicate an action or obtain relief from these remaining defendants. *Graybeal* v. *American Savings and Loan Assn.* (1973), 59 F. R. D. 7. Without a claim in their own right against the remaining defendants with whom they had no dealings or other participation, the plaintiffs cannot be representatives of others whom they allege may have such claims. The plaintiffs may not use the procedural device of a class action to "boot strap" themselves into the standing they lack. The question of standing is totally separate and distinct from the question

of the plaintiffs' right to represent a purported class under Ohio Civil Rule 23. While standing to sue, is an essential prerequisite to maintain an action, whether in one's own right or as a representative of a class, the issues are not convertible. Standing to sue is an essential threshold which must be crossed before any determination as to class representation under Rule 23 can be made. Without standing one cannot represent a class, but standing to sue in one's individual behalf, does not, of itself, support the right to bring a class action. All of the prerequisite tests of Rule 23 must be met. *Chashin* v. *Mencher* (1965), 255 F. Supp. 545 and *Weiner* v. *Bank of King of Prussia* (1973), 358 F. Supp. 684.

Unquestionably, however, the plaintiffs do have standing with respect to the six defendant banks named in the fourth paragraph of their amended complaint.

The defendants motion to dismiss for lack of standing must be and is therefore granted as to all of the defendants other than the six defendants namd in paragraph 4 of plaintiffs' amended complaint and the plaintiffs' cause of action is dismissed as to said defendants.

## II. *INSTALLMENT DEPOSITS*

Having determined the question of standing, the court turns now to the determination and disposition of question of whether or not the plaintiffs' amended complaint states a claim upon which relief can be granted.

In their amended complaint the plaintiffs allege and the defendants deny that there is due the plaintiffs interest and profits upon monies deposited by the plaintiffs with the defendants for payment of plaintiffs' real estate taxes under and pursuant to the terms of their mortgage loan agreement. The agreement requires the plaintiffs to "pay" or deposit monthly with the defendants one-twelfth (1/12) of their estimated annual real estate tax. However, there is no requirement therein contained requiring the defendants to pay the plaintiffs interest on said deposits or to segregate the funds. Nor are the defendants precluded from commingling the funds or using them in the ordinary course of their business. All the defendants are required to do is to pay the real estate taxes on the plaintiffs' mortgaged prop-

erty when and as they become due with equivalent dollars and not the specific dollars deposited with the defendants by the plaintiffs.

In the absence of an agreement that the money so "paid" or deposited is not to be used by the defendants, it is a general deposit and not a special deposit. As such it may be commingled with other bank funds and used by the defendants in the ordinary course of the defendants' business and the defendants are not required to account for the profits or earnings thereon, if any, to the plaintiffs. See *Squire* v. *American Express Co.* (1936), 131 Ohio St. 239.

### III. *UNJUST ENRICHMENT*

Again, plaintiffs allege and defendants deny that the defendants have been unjustly enriched by the use of the installment real estate tax monies deposited by the plaintiffs with the defendants. In oral arguments plaintiffs' counsel admitted that the defendants rendered a valuable service to the plaintiffs in receiving the tax monies; paying the taxes upon notice to the proper tax authority; filing the tax receipts; and making and keeping a record of the services so rendered. Whether or not the services so rendered by the defendants equaled or outweighed the monetary benefits claimed by the plaintiffs was not mentioned. However, it does appear that by their agreement and their acceptance of the services without payment therefor, the plaintiffs are now "estopped" from claiming that the defendants wrongfully used the funds and unjustly enriched themselves. As hereinbefore indicated, nothing in the mortgage loan agreement precludes the defendants from investing the funds and enjoying the profits without participation therein by the plaintiffs. The defendants conduct was therefore, neither illegal nor unjust and the defendants could not be thereby unjustly enriched.

By reason of all the foregoing, it must be and is hereby concluded that the plaintiffs' amended complaint fails to state a claim upon which relief can be granted.

The motion of the defendants to dismiss plaintiffs' amended complaint for failure to state a claim upon which relief can be granted, is therefore granted and said cause is dismissed as to the remaining six (6) defendants.